UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
KIM MCKENZIE "YELLOW LILLY,"

Plaintiff,

-against-

UNITED STATES OF AMERICA, NEW YORK STATE SUPREME COURT, SUFFOLK COUNTY, WILMINGTON SAVINGS FUND SOCIETY, FSB, STANWICH MORTGAGE LOAN TRUST I, UNITED STATES DEPARTMENT OF AGRICULTURE, SUFFOLK COUNTY 2nd DISTRICT COURT,

Defendants.
---------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
CV 25-2663 (GRB) (AYS)

**SHIELDS, Magistrate Judge,**

Pro se plaintiff Kim McKenzie "Yellow Lilly" ("McKenzie" or "Plaintiff") commenced this action against defendants New York State Supreme Court, Suffolk County, Suffolk County 2nd District Court (the "State Court Defendants"), Wilmington Savings Fund Society, FSB, Stanwich Mortgage Loan Trust I (the "Bank Defendants") (collectively "Defendants"), and the United States Department of Agriculture (the "USDA"), alleging claims for adverse possession, fraud, negligence, or misrepresentation stemming from the foreclosure of her home.

Presently before this Court, are Defendants' motions to dismiss the Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (See Docket Entry ("DE") [26], [29].) For the reasons set forth below, this Court respectfully recommends that the motions to dismiss be granted with prejudice.

## BACKGROUND

I. Documents Considered

As is required in the context of this motion to dismiss, the factual allegations in the Complaint, though disputed by Defendant, are accepted to be true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of the Plaintiff.

While facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside of the pleadings under certain circumstances. Specifically, in the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the Complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effects of which the Complaint "relies heavily" and which are, thus, rendered "integral" to the Complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002); see Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). Moreover. "[a] court may take judicial notice of documents filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (quoting Int'l Star Class Yacht Racing Ass'n Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)).

Where, as here, the complaint was filed pro se, it must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests. Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted). Nonetheless, a pro se complaint must state a plausible claim for relief. See Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009).

The Court turns now to discuss the facts set forth in Plaintiff's Complaint, construed in her favor.

II. Facts

A. Background

Due to Plaintiff's vast litigation background in connection with the foreclosure of her property, the Court assumes familiarity with the facts of this case. (See U.S. District Court for the Eastern District of New York Case No. 23-cv-06565-GRB-AYS, Kim Mckenzie v. Wilmington Savings Fund Society, Bank of New York Mellon Company as FHA Qualified Trustee for Rescap Liquidation Trust, Fairmount Funding, Ltd, New York Corp., GMAC Mortgage, LLC, ("EDNY I"), and U.S. District Court for the Eastern District of New York Case No. 24-cv-7665-AYS, Kim Mckenzie v. Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust I, ("EDNY II").)

Below, the Court briefly summarizes the pertinent facts.

1. The Foreclosure Action

On or about October 28, 2008, Plaintiff executed a mortgage which was secured by a note for the property located at 76 State Avenue, Wyandanch, NY 11798 (the "Property"). (DE [26-2], Declaration of Joseph M. DeFazio ("DeFazio Decl."), ¶¶ 1-2, Ex. A, [DE 26-3] and Ex. B, DE [26-4].) From June 2009 and continuing for over 14 years, Plaintiff defaulted on her mortgage payments. (DeFazio Decl., Ex. C [26-5.) In November 2012, GMAC Mortgage LLC, a predecessor-in-interest of Defendants, commenced a state foreclosure action against Plaintiff (the "State Foreclosure Action"). (Id.) GMAC Mortgage LLC assigned the loan to Bank of New York Mellon ("BYNM"), BYNM assigned the loan to non-party WVMF Funding, who then

subsequently assigned it to Wilmington Savings Fund Society ("WSFS"). (DeFazio Decl., Ex. D, DE [26-6].) WSFS was a Plaintiff in the State Foreclosure Action.

An Order dated November 14, 2016, granted default judgment against Plaintiff for failure to respond to the State Foreclosure Action. (DeFazio Decl., Ex. E, DE [26-7].) On March 15, 2018, an Order for Judgment of Foreclosure and Sale was granted. (DeFazio Decl., Ex. F, DE [26-8].)

On March 28, 2019, Plaintiff filed an Order to Show Cause seeking injunctive relief and dismissal of the State Foreclosure Action. (DeFazio Decl., Ex. G, DE [26-9].) The filing argues that BNYM, as the Plaintiff, lacked standing to maintain the action. (Id.) By Order dated July 22, 2019, Plaintiff's motion was denied in its entirety. (Id.)

Plaintiff did not appeal the Order, but subsequently filed a Motion to Vacate the Judgment of Foreclosure and Sale, for lack of standing. (DeFazio Decl., Ex. E.) BNYM opposed the motion, arguing that Plaintiff previously moved for the same relief, which was denied on the merits by Order dated July 22, 2019. (DeFazio Decl., Ex. H, DE [26-10].) The State Court agreed, denying Plaintiff's motion based on res judicata and the law of the case doctrine. (DeFazio Decl., Ex. I, DE [26-11].) The Court stated, "[i]n any event, defendant's claim that plaintiff lacks standing herein is devoid of merit." (Id.)

Prior to commencing the federal litigation, Plaintiff filed an Order to Show Cause in the State Foreclosure Action seeking a stay of the transfer of title to the mortgaged property subsequent to the foreclosure sale held on June 22, 2023. (DeFazio Decl., Ex. E.) Plaintiff's argument, once again, was lack of standing. (Id.) On November 6, 2023, the State Court issued an Order denying the Plaintiff's Order to Show Cause. (DeFazio Decl., Ex. J, DE [26-12].)

2. EDNY I

In 2023, Plaintiff filed a complaint in the instant court, EDNY I. (See DeFazio Decl., Ex. K, DE [26-13]. The Complaint raised eleven claims against WSFS. (Id.) In the Complaint, Plaintiff stated: "[t]his is not about the '… foreclosure case itself or the judgment . . .' but the status of standing of the defendants ability to commence the proceedings prior to the action itself." (Id.). Plaintiff further stated "[d]espite the current legal status of the foreclosure proceeding and its appeal, the plaintiff is not arguing the issues on the foreclosure, its raising issue with the defendant's lacking standing prior to the commencement thereof." (Id.) WSFS moved to dismiss the Complaint. On July 2, 2024, the undersigned entered a Report and Recommendation recommending dismissal of the complaint with prejudice. (See DeFazio Decl., Ex. L, DE [26-14].) On September 3, 2024, the district court adopted the Report and Recommendation in its entirety and dismissed EDNY I. (DeFazio Decl., Ex. M, DE [26-15].)

Plaintiff has continued her motion practice in the State Foreclosure Action. On July 9, 2024, the trial court enjoined Plaintiff "from filing further motions or applications in this action **without obtaining prior written permission of this court**." (DeFazio Decl., Ex. N, DE [26-16].)

3. EDNY II

On September 19, 2024, Plaintiff commenced another action in New York State court. On November 1, 2024, Defendant removed the action here. (See EDNY II, DE [1].) The Complaint continued to attack the standing of WSFS and its predecessors in interest to bring the foreclosure by alleging "[t]hat [Wilmington Savings] engaged in fraudulent assignment of mortgage prior to the commence of this foreclosure action" and '[t]hat those assignment mortgages [sic] are fraudulent and that the defendant obtained a judgement of foreclosure and sale along with the bidding of the property [sic]." (Id.). Plaintiff has stated that "the cause of

action in this law suit against defendant is that 'whether the defend lacked legal standing to commence a foreclosure . . .' [sic] on the strength or basis of a defective, unauthorized assignment of mortgage prior to the commence of the foreclosure action therewith." (EDNY II, DE [14] at ¶ 7.) On January 17, 2025, WSFS moved to dismiss the complaint (EDNY II, DE [16]), which the undersigned granted with prejudice on September 29, 2025. (EDNY II, DE [19].)

4. The Instant Action

In the current Complaint, Plaintiff asserts three causes of action against all defendants: (1) a breach of fiduciary duty under the "Federal Trust Doctrine"; (2) violation of statutory duties under "federal housing and mortgage programs"; and (3) "Takings Claim under the Fifth Amendment." (Compl., DE [1], pp. 15-19.) Plaintiff maintains that her foreclosure action should have been removed from state court to tribal court because she is an enrolled member of the Guale Yamassee Tribal Republic. (Id., p. 5, 15.)

Plaintiff asserts that the Bank Defendants:

> lacked standing to continue foreclosure proceedings, after having received payment in full satisfaction of any claim through Private Mortgage Insurance ("PMI"), which is evidence by information in Part II of the RD Form 451-20 to the United States Department of Agriculture Rural Development, titled "Notice and Acknowledgement of Final Payment.

(Id., pp. 8-9.) Plaintiff further alleges that, the USDA specifically requires that upon acceptance of the final payment of PMI Insurance check by the USDA, [Bank Defendants] . . . return the Bonded Promissory Note to USDA." (Id., pp. 9-10.) "This act of returning the endorsed instrument "Pay to the Order of the United States Treasury," . . . [Bank Defendants] . . . lacked standing to commence the foreclosure proceeding. (Id., p. 10.) Plaintiff seemingly argues that because the Bank Defendants were paid off, they no longer had standing to foreclose.

Plaintiff seeks, inter alia, an "order of specific performance" requiring the "United States" to take certain actions; monetary damages from unspecified defendants "in the amount of the fair market value of Plaintiff's tribal home, plus the value of all taxes unlawfully imposed and collected"; "consequential" damages seemingly related to the "United States' breach of fiduciary duties"; and a declaratory judgment that the United States breached its fiduciary duties by failing to protect Plaintiff's property from taxation and foreclosure, and that the state courts lacked jurisdiction over her tribal property and are not entitled to "judicial" immunity. (Compl., pp. 19-20.)

B. Procedural History

Plaintiff commenced this action on May 13, 2025, (DE [1]). On June 5, 2025, the State Court Defendants requested a pre-motion conference for leave to move to dismiss complaint. (DE [15]). The Honorable Gary R. Brown referred the pre-motion conference request and any subsequent briefing schedules and motions resulting from the request, as well as all pretrial proceedings and any dispositive pretrial motions, to the undersigned. (See Order Referring Motion dated 06/06/2025.) On June 16, 2025, the Bank Defendants also requested a pre-motion conference for leave to move to dismiss the complaint. (DE [16].) On June 18, 2025, the undersigned waived the pre-motion conference requirement and entered a briefing schedule. (See Order dated 06/18/2025.)

On September 5, 2025, the Bank Defendants filed their fully-briefed motion to dismiss, (see DE [26]), followed by the State Court Defendants' fully-briefed motion to dismiss on September 11, 2025. (See DE [29].)

III. The Motions to Dismiss

Defendants move to dismiss all claims. The Bank Defendants argue that the Complaint is barred by the doctrines of: (1) res judicata; (2) collateral estoppel; and (3) Rooker-Feldman. The State Court Defendants assert that the complaint should be dismissed because: (1) the Eleventh Amendment to the United States Constitution and principles of sovereign immunity are a complete bar to this action; (2) the case is barred by the Rooker-Feldman doctrine; and (3) Plaintiff fails to state a plausible claim against them.

The Court now turns to the merits of the motions.

## DISCUSSION

### I. Legal Principles: Standards Applicable on Motions to Dismiss

This Court is required to construe pleadings "filed by pro se litigants liberally and interpret them to raise the strongest arguments that they suggest." Hunter v. McMahon, 75 F.4th 62, 67 (2d Cir. 2023). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Ceara v. Deacon, 916 F.3d 208, 213 (2d Cir. 2019). Nevertheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Lomax v. Aegis Funding Corp., No. 09-cv-2321, 2010 WL 1633440, at *2 (E.D.N.Y. Apr. 19, 2010); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam).

#### A. Rule 12(b)(1)

"Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper when the district court lacks the statutory or constitutional power to adjudicate it." Russo v. United States, No. 22-1869-cv, 2024 WL 726884, at *1 (2d Cir. Feb. 22, 2024) (citing Green v. Dep't of Educ. of the City of New York, 16 F.4th 1070, 1075 (2d Cir. 2021)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the

evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A court considers a Rule 12(b)(1) challenge before other arguments for dismissal because dismissal for lack of subject matter jurisdiction renders a defendant's defenses and objections moot. See Daly v. Citigroup Inc., 939 F.3d 415, 426 (2d Cir. 2019); see also Pressley v. City of New York, No. 11-cv-03234, 2013 WL 145747, at *5 (E.D.N.Y. Jan. 14, 2013) ("A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction."). When a party raises a facial challenge to the court's subject matter jurisdiction, "the plaintiff has no evidentiary burden"; the district court need only "determine whether the [p]leading alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." Carter v. HealthPort Techs., LLC, 822 F.3d 47, 56 (2d Cir. 2016); see also Lugo v. City of Troy, 114 F.4th 80, 87 (2d Cir. 2024). In assessing a facial challenge to standing, a court "must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014).

When a party has placed jurisdictional facts into dispute by "offer[ing] extrinsic evidence that contradicts the material allegations of the complaint," however, "the court has the obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." Harty v. W. Point Realty, Inc., 28 F.4th 435, 441–42 (2d Cir. 2022). When the extrinsic evidence "reveals the existence of factual problems," the plaintiff "will need to come forward with evidence controverting that presented by the defendant" regarding standing. Lugo, 114 F.4th at

87. "In that case, the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Tandon, 752 F.3d at 243; Katz v. Donna Karan Co., L.L.C., 872 F.3d 114, 120 (2d Cir. 2017) (same). "[I]f the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing," the plaintiffs "are entitled to rely" on the complaint's allegations. Carter, 822 F.3d at 57–58.

B. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119–20 (2d Cir. 2010). Facial plausibility is established by pleading sufficient factual content to allow a court to reasonably infer the defendant's liability. Twombly, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," sufficient. Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 555).

District courts are "obligated to construe pro se complaint [s] liberally," Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), interpreting them "to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). Courts may not, however, read into pro se submissions claims inconsistent with the pro se litigant's allegations, Phillips v. Girdich, 408 F.3d 124, 127 (2d Cir. 2005) (citation omitted), or arguments that the submissions themselves do not "suggest," Pabon v. Wright, 459 F.3d 241, 248 (2d Cir.

2006). Pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

With these standards in mind, the Court turns to assess the viability of Plaintiff's claims.

## II. Claims Against The State Court Defendants

The State Court Defendants move to dismiss the Complaint for lack of subject matter jurisdiction on the ground that Plaintiff's claims are barred by Eleventh Amendment immunity and the Rooker-Feldman doctrine.

### A. Eleventh Amendment Immunity

A claim that is barred by sovereign immunity must be dismissed for lack of subject matter jurisdiction. See Makarova, 201 F.3d at 113 ("The doctrine of sovereign immunity is jurisdictional in nature ...."); Morales v. New York, 22 F. Supp. 3d 256, 268 (S.D.N.Y. 2014). Suits against state governments in federal court are generally prohibited by the Eleventh Amendment. See Richardson v. New York State Dep't of Corr. Serv., 180 F.3d 426, 447–48 (2d Cir. 1999). That prohibition applies regardless of whether a plaintiff seeks injunctive or monetary relief, see Tornheim v. New York State Senate, 115 F. App'x 482, 483 (2d Cir. 2004) (citing Alabama v. Pugh, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam)), and it extends to suits against arms and agents of the state "such as state agencies," Walker v. City of Waterbury, 253 F. App'x 58, 60 (2d Cir. 2007). Eleventh Amendment immunity is not absolute, however, and a state government or agency "may be divested of immunity and haled into federal court in one of two ways: (1) Congress may abrogate the sovereign immunity through a statutory enactment [...] or (2) a state may waive its immunity and

agree to be sued in federal court." Richardson, 180 F.3d at 448 (2d Cir. 1999) (internal citations omitted).

The Complaint names New York State Supreme Court, Suffolk County and Suffolk County 2nd District Court as defendants. The New York State Unified Court System, of which New York State Supreme Court, Suffolk County and Suffolk County 2nd District are a part of, is "unquestionably an 'arm of the State'" of New York. Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009) (quoting Woods v. Rondout Valley Cent. Sch. Dist. Bd. Of Educ., 466 F.3d 232, 236 (2d Cir. 2006)); Canales–Jacobs v. New York State Office of Court Admin., 640 F.Supp.2d 482, 488 (S.D.N.Y.2009) ("The Unified Court System of the State of New York is the Judicial Branch of New York State Government ... The Office of Court Administration is the administrative office for the Unified Court System.") (citing N.Y. Judiciary Law § 212(1)(b)). As such, federal courts have repeatedly barred claims against the Unified Court System and the Office of Court Administration. See, e.g., Kelly v. New York State Unified Ct. Sys., 2022 WL 1210665, at *2 (2d Cir. Apr. 25, 2022); Segal v. New York State Unified Ct. Sys., No. 21-CV-2545 (LTS), 2021 WL 1841768, at *3 (S.D.N.Y. May 7, 2021); Zahl v. Kosovsky, No. 08-CV-8308 (LTS), 2011 WL 779784, at *1 (S.D.N.Y. Mar. 3, 2011), aff'd, 471 F. App'x 34 (2d Cir. 2012). As the State Court Defendants are integral parts of the States's Unified Court System, they are arms of the State of New York and are entitled to Eleventh Amendment immunity. Additionally, "there is no suggestion of congressional abrogation or state acquiescence." Gollomp, 568 F. 3d at 366.

Accordingly, this Court respectfully recommends that the Complaint be dismissed against the State Court Defendants based upon Eleventh Amendment immunity.

III. Claims Against the Bank Defendants

Plaintiff's claims against the Bank Defendants are barred by the doctrines of res judicata and collateral estoppel.

Res judicata and collateral estoppel are related but distinct doctrines that may bar a party from litigating certain claims or issues in a subsequent proceeding. Flaherty v. Lang, 199 F.3d 607, 612 (2d Cir. 1999). "[I]t is well settled that a court may dismiss a claim on *res judicata* or collateral estoppel grounds under a Rule 12(b)(6) motion." Linden Airport Mgmt. Corp. v. New York City Econ. Dev. Corp., No. 08 CIV. 3810 (RJS), 2011 WL 2226625, at *3 (S.D.N.Y. June 1, 2011) (internal quotation marks omitted) (quoting Sassower v. Abrams, 833 F. Supp. 253, 264 n.18 (S.D.N.Y. 1993)). "When a defendant raises *res judicata* or collateral estoppel as an affirmative defense and 'it is clear from the face of the complaint, and consideration of matters which the court may take judicial notice of, that the plaintiff's claims are barred as a matter of law,' dismissal under Rule 12(b)(6) is appropriate." Id. (quoting Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000)). As a pro se claimant is "not exempt ... from compliance with relevant rules of procedural and substantive law ...." Traguth, 710 F.2d at 95 (internal quotations and citation omitted), the doctrine of collateral estoppel and *res judicata* are equally applicable to pro se claimants. See, e.g., Iwachiw v. Gen. Elec. Corp., No. 99–3668, 2000 WL 381977, at *3–4 (E.D.N.Y. Feb. 22, 2000) (applying *res judicata* and collateral estoppel to bar the action by the pro se plaintiff who sought to litigate matters in the federal forum that have already been litigated in arbitration); Caldwell v. Pesce, 83 F. Supp. 3d 472, 481 (S.D.N.Y. 2015) ("[T]he doctrines of *res judicata* and collateral estoppel apply to *pro se* litigants." (citing Austin v. Downs, Rachlin & Martin Burlington St. Johnsbury, 270 F. App'x 52 (2d Cir. 2008))).

Collateral estoppel is synonymous with "issue preclusion." "[U]nder collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may

preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994) (quoting Allen v. McCurry, 449 U.S. 90, 94 n.5 (1980)). See also Marvel Characters, Inc. v. Simon, 310 F.3d 280, 288 (2d Cir. 2002) ("Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding."). Application of the doctrine does not require an identity of parties in the proceedings. Amadsau v. Bronx Lebanon Hosp. Ctr., No. 03 CIV.6450 LAK AJP, 2005 WL 121746, at *8 (S.D.N.Y. Jan. 21, 2005), report and recommendation adopted sub nom. Amadasu v. Rosenberg, No. 03CIV.6450LAK, 2005 WL 954916 (S.D.N.Y. Apr. 26, 2005), aff'd, 225 F. App'x 32 (2d Cir. 2007) ("[T]he doctrine of collateral estoppel does not require that the same parties are named in the earlier action in order to apply to the instant action.").

"[T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred ...." New York v. Sokol (In re Sokol), 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C. § 1738). See also Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) ("a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). In New York, for issue preclusion to apply, "(1) the identical issue must have been necessarily decided in the prior action and must be decisive in the present action, and (2) the party who is precluded from relitigating the issue must have had a full and fair opportunity to contest the matter in the prior action." Strough v. Inc. Vill. of W. Hampton Dunes, 78 A.D.3d. 1037, 1039 (2d Dept 2010). See also Rojas v. Romanoff, 186 A.D.3d. 103, 108 (1st Dept 2020) ("Under issue preclusion, the prior judgment conclusively resolves an issue actually litigated and determined in the first action ... There is a limit to the

reach of issue preclusion, however. In accordance with due process, it can be asserted only against a party to the first lawsuit, or one in privity with a party." (internal citations omitted)).

Res judicata and claim preclusion bar the "relitigation ... of claims that were, or could have been, brought in an earlier litigation between the same parties or their privies." Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 919 (2d Cir. 2010). See also Nilsen v. City of Moss Point, 701 F.2d 556, 560 (5th Cir. 1983) ("it is black-letter law that *res judicata,* by contrast to narrower doctrines of issue preclusion, bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication ... not merely those that were adjudicated."). As with collateral estoppel, the Court applies New York law of res judicata to the State Court judgment in the Foreclosure Action. In re Sokol, 113 F.3d at 306. New York takes a transactional approach to res judicata: "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Sosa v. J.P. Morgan Chase Bank, 33 A.D.3d. 609, 611 (2d Dept 2006) (internal quotation marks and citation omitted). In determining what qualifies as the "same transaction," courts look to: "how the facts are related in time, space, origin or motivation; whether they form a convenient trial unit; and whether treating them as a unit conforms to the parties' expectations." See Marinelli Assocs. v. Helmsley–Noyes Co., 265 A.D.2d. 1, 5 (1st Dept 2000). Even if there are variations in the facts alleged or different relief is sought, if the actions are grounded on the same gravamen of the wrong, *res judicata* applies. Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 422 (S.D.N.Y. 2008).

In New York, the doctrine of res judicata, or claim preclusion bars actions where: (i) there is a final judgment on the merits, (ii) involving the same parties or their privies, and (iii) involving the same cause of action. See Landau v. LaRossa, Mitchell & Ross, 11 NY3d 8, 12–13

(2008) (citing Parker v. Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 (1999) ("a valid final judgment bars future actions between the same parties on the same cause of action. As a general rule, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy."). See also Matter of Grainger (Shea Enters.), 309 N.Y. 605, 616 (1956) (noting "[t]he general doctrine of res judicata gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently re-litigating any questions that were necessarily decided therein").

Those elements are satisfied here. "A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action." Signature Bank v. Epstein, 95 A.D.3d 1199, 1200 (2d Dept. 2012) (citation omitted); see also, Da Silva v. Masso, 76 N.Y.2d 436 (1990) ("It is elementary that a final judgment or order is a valid and conclusive adjudication of the parties' substantive rights…").

Here: (1) the parties in the instant litigation were parties in the State Foreclosure Action; (2) The Judgment of Foreclosure and Sale was entered by the Supreme Court of New York State; and (3) Plaintiff seeks to relitigate the issue of standing to bring the State Foreclosure Action, which has been denied by both the State and Federal Court multiple times. Plaintiff seeks to relitigate the Bank Defendants' standing and their predecessors' in interest to the foreclosure judgment and sale previously rendered by the Supreme Court of the State of New York in the Foreclosure. Plaintiff seeks to relitigate Defendants' standing to bring and continue the foreclosure, which was asserted in the Foreclosure, EDNY I, and EDNY II, and now again in the instant action – this time arguing that because the Bank Defendants were paid off, they could not

maintain the foreclosure. While the specifics of the argument have slightly changed, the underlying issues have not.

The State Court has repeatedly rejected Plaintiff's challenges to standing, finding that the Bank Defendants were entitled to foreclose. Further, this Court in EDNY I, found that res judicata barred Plaintiff's attacks on standing, and in EDNY II, found that Plaintiff was barred by both the doctrines of res judicata and collateral estoppel from attacking the Bank Defendants' standing to foreclose. In sum, because Plaintiff raised her present claims in prior state court and federal actions, which were previously adjudicated on the merits, and determined that WSFS and its predecessors in interest had standing to foreclose, res judicata and collateral estoppel bar Plaintiff's current claims. Thus, this Court respectfully recommends that Plaintiff's claims against the Bank Defendants are barred by res judicata.

IV. Leave to Amend

Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). While this is a "permissive standard," see Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015), it is ultimately "within the sound discretion of the court whether to grant leave to amend," John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994). Where "the proposed amendment would be futile," courts within this district will deny leave to amend. See Brown v. Kellogg Sales Co., No. 20-CV-7283 (ALC), 2022 WL 992627, at *6 (S.D.N.Y. Mar. 31, 2022); Agerbrink v. Model Serv. LLC, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016).

Here, leave to amend should be denied as amendment would be futile. Plaintiff's claims against the State Court Defendants remain barred by the Eleventh Amendment. See Avila v. Acacia Network, Inc., No. 23-CV-10260, 2025 WL 2233987, at *7 n.3 (S.D.N.Y. Aug. 6, 2025)

("[S]uch claim is barred under the Eleventh Amendment and would thus be futile." (citation omitted)). Second, Plaintiff has now asserted challenges to the Bank Defendants' standing to foreclose in three separate actions in this Court, not to mention numerous times in the State Court. The claims and issues asserted against the Bank Defendant are barred by the doctrines of res judicata and collateral estoppel. Preclusion, therefore, would require dismissal of any amended complaint. As such, any amendment would be futile. Consequently, this Court respectfully recommends that leave to amend be denied on grounds of futility.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Defendants‘ motions to dismiss, found at docket entry No. 26 and No. 29 herein, be granted and that Plaintiff be denied leave to amend.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Further, defense counsel is directed to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff at their last known addresses and to file proof of service on ECF by August 6, 2026. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days may preclude further review of this report and recommendation either by the District Court

or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
August 3, 2026

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge